IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. KATTENBRAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cv-0927-MJR-PMF |
| ) | |
| UNION PACIFIC RAILROAD CO., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    Introduction

For 35 years, Michael Dan Kattenbraker worked as a trackman for Union Pacific Railroad (UP), a common rail carrier engaged in interstate commerce. In November 2009, Kattenbraker sued UP in this Court, seeking damages for repetitive trauma sustained while repairing UP's track system, which included tracks located within this Judicial District.

Kattenbraker alleges that he sustained permanent injuries to his back and spine while performing his job duties, including dumping ballast, throwing tie-plates, unloading rail, unloading ties, throwing angle bars, and working in rip-rap cars (Complaint, Doc. 2, p. 3). He claims these injuries resulted from UP's negligent acts and omissions, such as failing to provide Kattenbraker with safe and suitable tools, failing to warn Kattenbraker of dangerous conditions, failing to furnish Kattenbraker necessary personal protective equipment, and failing to provide proper supervision to Kattenbraker.

Kattenbraker's suit against UP is based on the Federal Employers' Liability Act (FELA), 45 U.S.C. 51-60. The Court enjoys subject matter jurisdiction under the federal question statute, 28 U.S.C. 1331, via the FELA allegations.

Now before the undersigned Judge is Defendant UP's April 2, 2010 motion for summary judgment with supporting brief, opposing memorandum, and reply brief (Docs. 21, 22, 24, 25). UP maintains that it is entitled to summary judgment on dual grounds: (1) Kattenbraker commenced this suit well after the statute of limitations for a FELA action had run, and (2) Kattenbraker failed to present evidence of the essential elements of a negligence claim (falling short on both breach and causation), having admitted that UP provided him a reasonably safe place to work and having admitted that none of the work conditions he complained about caused his injury (*id.*, pp. 12). The motion was fully briefed as of May 13, 2010 and, for the reasons stated below, the Court denies it.

### B. Standard Governing Summary Judgment Motions

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010); *Durable Mfg. Co. v. U.S. Department of Labor*, 578 F.3d 497, 501 (7th Cir. 2009), *citing* FED. R. CIV. P. 56(c). *Accord Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008); *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. *National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). *Accord Reget v. City of La Crosse*, 595 F.3d 691 (7th Cir. 2010); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007). When the non-moving party bears the burden of proof, he must demonstrate the existence of a genuine fact issue to defeat summary judgment. *Reget*, 595 F.3d at 695. Stated another way, to survive summary judgment, the non-movant must provide evidence on which the jury or court could find in his favor. *See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008).

The court may not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the truth of the matter; the court's only role is to determine whether there is a genuine issue of triable fact. *National Athletic*, 528 F.3d at 512, *citing Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).

C.     Analysis

In this FELA suit, 55-year old Mr. Kattenbraker asserts a claim for cumulative trauma to his lower back sustained during his employment at UP – a career which spanned from June 5, 1973 to January 21, 2008. The FELA statute itself is the starting place for the Court's analysis.

45 U.S.C. 51 provides (emphasis added):

Every common carrier by railroad while engaging in commerce between any of the several States ...

> shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death ***resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence***, in its cars, engines, appliances, machinery, track, roadbed, ... or other equipment.

A considerable body of case law has interpreted FELA's "resulting in whole or in part from" language. Just two months ago, in an appeal from a jury instruction given during trial in the Southern District of Illinois, the United States Court of Appeals for the Seventh Circuit tackled the proper standard for causation under FELA. The Seventh Circuit squarely confronted whether the above-quoted section abrogated the common-law rule of proximate cause. Ultimately, the Seventh Circuit sided with the plaintiff's position that FELA incorporated a *relaxed* standard of causation.

In ***McBride v. CSX Transp. Inc.*, 598 F.3d 388 (7th Cir. 2010),** the Seventh Circuit traced one hundred years of jurisprudence on this topic, starting with early FELA cases in which the United States Supreme Court held that a plaintiff must establish common-law proximate cause to recover under the Act and continuing through the 1957 decision in ***Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506 (1957).** *Rogers* arguably was a turning point, because the Court suggested therein that FELA incorporates a causation standard *less stringent* than proximate cause. In *Rogers*, the Supreme Court declared that a FELA plaintiff is entitled to get to a jury if the "proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." The Seventh Circuit in *McBride* then analyzed cases such as ***Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 542-43 (1994)**,

which emphasized that FELA has been liberally construed to further its humanitarian purpose (providing a broad remedial framework to help railroad workers). Scrutiny then focused on the high Court's decision in *Norfolk Southern Railway Co. v. Sorrell*, **549 U.S. 158 (2007),** in which Justice Souter's concurring opinion raised doubts regarding *Rogers'* effect on FELA causation.

Ultimately in *McBride,* the Seventh Circuit *declined* to hold that "common-law proximate causation is required to establish liability under the FELA." The Court of Appeals thus affirmed the District Court's jury instruction that "Defendant 'caused or contributed to' plaintiff's injury if defendant's negligence played a part – no matter how small – in bringing about the injury." *McBride***, 598 F.3d at 406.**

This understanding of causation guides resolution of UP's argument that summary judgment should be granted because Kattenbraker has failed to present evidence on each essential element of a negligence claim. These elements are duty, breach, foreseeability, and causation. *Green v. CSX***, 414 F.3d 758, 766 (7th Cir. 2005).**

FELA is not a strict liability statute. But, as the Seventh Circuit remarked in *Green,* **414 F.3d at 766,** a plaintiff's burden in a FELA action is "significantly lighter than it would be in an ordinary negligence case." In fact, in numerous cases, the Seventh Circuit has affirmed submission of FELA claims to juries based on evidence "scarcely more substantial than pigeon bone broth." *Id.***,** *citing Williams v. National R.R. Passenger Corp.,* **161 F.3d 1059, 1061 (7th Cir. 1998), and** *quoting Harbin v. Burlington Northern R.R. Co.,* **921 F.2d 129, 132 (7th Cir. 1990).**

As easy as this burden is to shoulder, the plaintiff still must present *some evidence of negligence* to avoid summary judgment.  **Green, 414 F.3d at 766, *citing Walker v. Northeast Regional Commuter R.R. Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).**  That is, a FELA plaintiff must offer evidence creating a genuine fact issue as to one of the elements of negligence.  In the case at bar, UP challenges Kattenbraker's evidence on breach and causation.  The Court finds the evidence sufficient on both elements.

As to breach of duty by UP, it is true that when asked in his March 2010 deposition whether UP had provided him a reasonably safe workplace, Plaintiff Kattenbraker responded, "Yes."  *See* Doc. 22-1, p. 15 (Depo. p. 54).  Other excerpts of deposition testimony, however, support Kattenbraker's allegation that UP *failed* to provide him proper tools and equipment.  Moreover, Kattenbraker *connected* those negligent acts or omissions by UP directly to his injury – furnishing evidence of causation.

For instance, Kattenbraker testified about having to use bars to open ballast cars, how the bars "would bend because they weren't the right bars," about problems with picks that were not properly sharpened, about having to use "wore-out equipment, "about complaints he made to supervisors regarding broken and defective tools, and the fact that these "put more strain" on his back.  And on cross-examination, when flatly asked what the railroad did wrong that caused his injury, Kattenbraker responded that his back injury was caused by his work on the railroad having to work shorthanded and having to use the old, faulty equipment and tools he had previously described. *See* Doc. 24-1, pp. 15-20, p. 30 (Depo. pp. 54-68, p. 135).

The fact that a number of factors may have contributed to an injury is irrelevant "as long as one cause may be attributable to the railroad's negligence." *Coffey v. Northeast Illinois Regional Commuter R. Corp.*, **479 F.3d 472, 476 (7th Cir. 2007),** *quoting Heater v. Chesapeake & Ohio Ry.*, **497 F.2d 1243, 1246-47 (7th Cir.),** *cert. denied,* **419 U.S. 1013 (1974).**

Like the FELA plaintiff in *Green*, Kattenbraker has provided adequate evidence of negligence to survive summary judgment. Which leaves UP's argument that summary judgment is warranted on the ground that Kattenbraker did not file suit within the applicable statute of limitations period. Specifically, UP contends that Kattenbraker knew of his injury in the 1980s, when his doctor alerted him that his railroad job was causing him low back problems, so Kattenbraker's November 2009 lawsuit was not timely.

FELA contains a three-year limitations period. FELA provides (45 U.S.C. 56): "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." A FELA cause of action *accrues* when a reasonable person knows (or in the exercise of reasonable diligence should have known) of both her injury and its governing cause. *Green*, **414 F.3d at 763,** *citing Tolston v. National R.R. Passenger Corp.*, **102 F.3d 863, 865 (7th Cir. 1996), and** *Fries v. Chicago & Northwestern Transp. Co.*, **909 F.2d 1092, 1095 (7th Cir. 1990).**

Some FELA claims have a specific *date* of injury, i.e., the cause of action is based on a single incident or acute exposure on a given day. Other FELA claims arise from repeated trauma or chronic exposure to a harmful condition over a period of time. In the

latter situation (which embraces Kattenbraker's FELA claim), the plaintiff's cause of action accrues "when the injury manifests itself." *Green*, 414 F.3d at 763, *citing Fries*, 909 F.2d at 1094, and *Urie v. Thompson*, 337 U.S. 163 (1949)(In the course of holding that FELA reaches claims of occupational disease as well as workplace accidents, the Supreme Court found that the claim of an employee exposed to silica dust over 30-year period was not barred by FELA's statute of limitations; the worker could be held to be injured only when the accumulated effects of the deleterious substance manifested themselves, which was when he became incapacitated).

The question before this Court is whether the evidence – viewed in the light most favorable to Kattenbraker – creates a genuine fact issue as to whether he knew (or with reasonable diligence should have known) before November 6, 2006 that he had suffered a cumulative injury to his low back *and* that the injury was caused by his work at the railroad. *Green*, 414 F.3d at 763.

Taking the facts and reasonable inferences in the light most favorable to Kattenbraker, the Court finds that a genuine issue of material fact does exist on this issue. Yes, during a doctor's appointment roughly 20 years ago, a physician (Dr. John Beck) alerted Kattenbraker that there was a good chance that – *in the future* – he would develop back problems doing the kind of lifting he described his job to entail. Additionally, Kattenbraker did experience back pain from time to time over the course of his job.

But Kattenbraker clearly testified that this intermittent pain "never stayed with me or anything, I would take off a couple of days, go to the doctor and maybe get

some muscle relaxers ... [and be] good to go" (*see* Doc. 24-1, pp. 13, 28-29).  He consistently described his back pain as "on and off" and as improving when his job duties changed or he was able to slow down the pace (for instance, when a younger man was assisting with particular duties). Furthermore, the record reveals that Kattenbraker's low back began to ache in earnest around January 2007, that his back was really bothering him for the last year on the job (January 2007 - January 2008), and that his back pain was particularly severe in October 2009.   He filed suit in November 2009.

Viewed in the light most favorable to Kattenbraker, the record does not establish that Kattenbraker was on notice that he needed to sue his employer (or forfeit the right to do so) before November 6, 2006.  Here, as in *Green*, the record contains "sufficient evidence to create a genuine issue of fact on this issue" (i.e., whether Kattenbraker knew at an earlier date that he had suffered a cumulative injury which was caused by his job at UP).  Stated another way, a genuine issue of material fact precludes the entry of summary judgment.  For this reason, the Court must deny the pending summary judgment motion.

    D.    <u>Conclusion</u>

The Court **DENIES** Defendant UP's motion for summary judgment (Doc. 21).

IT IS SO ORDERED.

DATED May 18, 2010.

                                            s/ *Michael J. Reagan*
                                            Michael J. Reagan
                                            United States District Judge